On January 19, 2017, the plaintiff served BHCC with a 93A demand letter by certified mail, return receipt requested. (Id. ¶ 80).
Additional facts will be provided below where appropriate.
III. ANALYSIS
A. Standard of Review
Chapter 93A claims that do not involve fraud, are not subject to heightened pleading requirements. Crisp Human Capital Ltd. v. Authoria Inc., 613 F.Supp.2d 136, 139 (D. Mass. 2009). Motions to dismiss under Rule 12(b)(6) test the sufficiency of the pleadings. When confronted with such a motion, the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the plaintiff. See Cooperman v. Individual Inc., 171 F.3d 43, 46 (1st Cir. 1999).
As the First Circuit has explained, in considering the merits of a motion to dismiss, the court proceeds in two steps. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). First, we "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Id. at 55. Second, we "take the complaint's well-pled (i.e. , non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Id. Dismissal is only appropriate if the complaint, so viewed, fails to allege "a plausible entitlement *295 to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S.Ct. 1955, 1967, 167 L.Ed. 2d 929 (2007) ). "Plausible ...means something more than merely possible[.]" Schatz, 669 F.3d at 55. "The bottom line is that the combined allegations, taken as true, must state a plausible, not merely conceivable, case for relief." Carrero-Ojeda v. Autoridad de Energia Electrica, 755 F.3d 711, 718 (1st Cir. 2014) (internal citations and quotations omitted). "Engaging in this plausibility inquiry is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' " Germanowski v. Harris, 854 F.3d 68, 72 (1st Cir. 2017) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) ).
B. Sufficiency of the 93A Claim for Unfair or Deceptive Practices
The Massachusetts Consumer and Business Protection Act, Mass. Gen. Laws ch. 93A, prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." Mass. Gen. Laws ch. 93A, § 2. The applicability of ch. 93A to the provision of medical services was addressed by the Massachusetts Supreme Judicial Court ("SJC") in the seminal case of Darviris v. Petros, 442 Mass. 274, 812 N.E.2d 1188 (2004), which both parties agree is controlling here. As the Darviris Court explained, "a violation of G.L. c. 93A requires, at the very least, more than a finding of mere negligence" and, therefore, "a claim for the negligent delivery of medical care, without more, does not qualify for redress" under ch. 93A. Id. at 278, 812 N.E.2d at 1193. However, the Court continued, "this does not mean that all conduct of medical care providers is beyond the reach of [Mass. Gen. Laws ch. 93A] ....[C]onsumer protection statutes may be applied to the entrepreneurial and business aspects of providing medical services, for example, advertising and billing, even though those statutes do not reach medical malpractice claims." Id. at 279, 812 N.E.2d at 1193, and cases cited.
BHCC argues that plaintiff's 93A claim must be dismissed, pursuant to Darviris, because it is "premised on nothing more than alleged nursing negligence in failing to prevent Ms. Libby's death." (Def. Mem. (Docket No. 13) at 2). Plaintiff argues to the contrary, contending that he has sufficiently alleged an unfair or deceptive business practice concerning the entrepreneurial or business aspect of BHCC's provision of medical services. This court agrees that the plaintiff has alleged sufficient facts to survive a motion to dismiss.
Plaintiff relies primarily on Soderstrom v. Beaumont Nursing Home, Inc., No. 040338A, 2008 WL 5216865 (Mass. Super. Ct. Nov. 4, 2008). In that case, an 84 year old resident of a nursing home fell while she was being transported in a wheelchair by an employee of the home. She died several days later as a result of injuries sustained from her fall. The plaintiff brought suit, alleging a violation of Mass. Gen. Laws ch. 93A. The defendant moved for summary judgment on the grounds that the complaint stated no more than a claim for negligent medical care and, therefore, that the 93A claim was precluded by Darviris. The Soderstrom trial judge disagreed, and denied the motion for summary judgment.
In denying the motion, the Soderstrom court ruled that the plaintiff's case was not solely based on a medical malpractice claim because the plaintiff also alleged "violations of state and federal regulations related to staffing requirements at nursing homes"; claimed that defendant's "corporate practice of understaffing its facilities to cut costs contributed to [plaintiff's] death"; and claimed that defendant "misrepresented *296 the quality of care at its facilities in order to maximize profits at the expense of its patrons." Id. at *2. The court held that those allegations concerned the "entrepreneurial and business aspects of providing medical services" and that therefore, Darviris did not foreclose the plaintiff's 93A claim. Id.
For the same reasons, this court finds that the plaintiff in the instant case has sufficiently alleged a plausible 93A claim to withstand a motion to dismiss. The plaintiff has provided sufficient facts to support a practice of understaffing by BHCC, as evidenced by Ms. Libby's unsupervised fall on April 8, 2014 and her unsupervised choking incident on May 7, 2014; a link between the understaffing and decedent's death; a plausible inference that BHCC understaffed its facility in order to maximize profits; and a misrepresentation on the part of BHCC as to the quality of the care at its facility as related to staffing. (See FAC ¶¶ 40, 43, 71, 78, 79). These allegations do not constitute mere negligence but concern the "entrepreneurial and business aspects of providing medical services." Darviris, 442 Mass. at 279, 812 N.E.2d at 1193.
The various cases to which defendant cites in support of its motion are inapposite. For example, a number of the cases to which defendant cites address whether the plaintiff met his or her evidentiary burden on summary judgment, rather than on a motion to dismiss. See, e.g., MacDonald v. GGNSC Attleboro-Ridge Court, LLC, No. BRCV 2008-0487 at 5, 8 (Mass. Super. Ct. June 30, 2011); Vaz v. Welch Healthcare & Ret. Grp., Inc., No. SUCV 2008-1289, at 5-6, 2010 WL 9453154 (Mass. Super. Ct. Feb. 1, 2010) ; Donovan v. Colonial Health Grp.-Westbridge LLC, No. MICV 2010-01188 (Mass. Super. Ct. Apr. 3, 2014); Nalbandian v. Alliance Health of Mass., Inc., No. ESCV 2010-02050, at 11-12 (Mass. Super. Ct. Mar. 6, 2012). In Battaglia v. Healthbridge Mgmt., LLC, No. 11-10775-GAO, 2014 WL 2215838 (D. Mass. May 29, 2014), which was decided at the motion to dismiss stage, there were no allegations connecting the business aspect of the defendant's provision of medical services to the plaintiff's injuries, as a result of which the court held that the plaintiff had failed to plead a viable 93A claim. Id. at *2. In contrast, in the instant case, plaintiff has sufficiently alleged a business practice of understaffing in order to maximize profits, and a connection between understaffing and the plaintiff's injuries.
In sum, the plaintiff has alleged sufficient facts to state a plausible claim for relief under Mass. Gen. Laws ch. 93A. This court expresses no opinion as to whether the facts, as developed through discovery, will be sufficient to maintain a ch. 93A claim.
IV. CONCLUSION
For all the reasons detailed herein, defendant's "Motion to Dismiss Count IV of the Plaintiff's Amended Complaint" (Docket No. 12) is DENIED.